# **EXHIBIT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>Daniel I Halimi<br>HALIMI LAW FIRM<br>1455 Frazee Rd , Suite 500<br>  TELEPHONE NO (619) 800-2670    FAX NO (Optional)<br>  ATTORNEY FOR (Name) Plaintiff Rivo Holdings LLC<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ CENTRAL DIVISION  HALL OF JUSTICE, 330 W BROADWAY, SAN DIEGO, CA 92101<br>☐ EAST COUNTY DIVISION, 250 E MAIN ST , EL CAJON, CA 92020<br>☐ NORTH COUNTY DIVISION, 325 S MELROSE DR , SUITE 1000, VISTA, CA 92081<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE , CHULA VISTA, CA 91910 | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/08/2021** at 04 55 00 PM<br><br>Clerk of the Superior Court<br>By Melinda McClure, Deputy Clerk |
|---|---|
| PLAINTIFF(S)<br>Rivo Holdings LLC | JUDGE |
| DEFENDANT(S)<br>KiwiJet, LLC, et al | DEPT |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER<br>37-2020-00041171-CU-BT-CTL |

Under Code Civ Proc § 474
FICTITIOUS NAME (Court order required once case is at issue)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of
    DOE 1

and having discovered the true name of defendant to be
    CAPITAL ONE BANK (USA), N A

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint

Date  03/31/2021                                                                        _____
                                                                                                Signature

---

Under Code Civ Proc § 473
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated    ☐ defendant    ☐ plaintiff in the complaint by the name of
_____,
and having discovered    ☐ name to be incorrect and the correct name is    ☐ defendant also uses the name of
_____,
amends the complaint by    ☐ substituting    ☐ adding such name(s) wherever the name of
_____,
appears in the complaint

Date _____                                                      _____
                                                                                               Signature

---

**ORDER**

The above amendment to the complaint is allowed

Date _____                                                      _____
                                                                                Judge/Commissioner of the Superior Court

SDSC CIV-012 (Rev 9/13)                    **AMENDMENT TO COMPLAINT**                    Code Civ Proc §§ 473 & 474

DANIEL I. HALIMI (SBN: 302872)
HALIMI LAW FIRM
1455 Frazee Rd., Suite 500
San Diego, California 92108
(855) 453-2946
daniel@halimilawfirm.com

Attorney for Defendant RIVO HOLDINGS LLC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
04/08/2021 at 04:55:00 PM
Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO (CENTRAL DISTRICT)

| | |
|---|---|
| RIVO HOLDINGS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KIWIJET, LLC, a Delaware limited liability company; NICOLAS STEELE, an individual; ADVANTAGE AVIATION CHARTER, LLC, a California limited liability company; SUPERIOR TRANSPORTATION ASSOCIATES, INC. DBA STAJets; CAPITAL ONE BANK (USA), N.A., and DOES 2 through 25, inclusive,<br><br>Defendants. | Case No.: 37-2020-00041171-CU-BT-CTL<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>  (1) **CONVERSION;**<br>  (2) **FRAUDULENT MISREPRESENTATION;**<br>  (3) **FRAUDULENT CONCEALMENT;**<br>  (4) **RESCISSION;**<br>  (5) **RESTITUTION;**<br>  (6) **BREACH OF CONTRACT;**<br>  (7) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>  (8) **VIOLATION OF CALIFORNIA CIVIL CODE § 1747.50;**<br>  (9) **RECOVERY UNDER 15 U.S.C., § 1640, ET SEQ.**<br><br>[IMAGED FILE] |

Plaintiff RIVO HOLDINGS LLC alleges as follows:

///

///

///

- 1 -
RIVO HOLDINGS LLC'S FIRST AMENDED COMPLAINT

## PARTIES

1. Plaintiff RIVO HOLDINGS LLC ("Rivo") is a Delaware limited liability company, based in San Diego, California and qualified to do business in the state of California.

2. Defendant KIWIJET, LLC ("KiwiJet") is a Delaware limited liability company doing business in the state of California, county of Santa Clara. Based on information and belief, KiwiJet is not registered to do business in the state of California.

3. Based on information and belief, Defendant NICOLAS STEELE is an individual residing in the state of California, county of Los Angeles.

4. Based on information and belief, Defendant ADVANTAGE AVIATION CHARTER, LLC ("Advantage Aviation") is a California limited liability company doing business in the state of California, county of San Diego.

5. Based on information and belief, Defendant SUPERIOR TRANSPORTATION ASSOCIATES, INC. DBA STAJets ("STAJets") (erroneously sued as STAJets, business form unknown) is doing business in the state of California, county of Orange.
Based on information and belief, Defendant CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE"), is doing business in the state of California, county of Orange.

6. KiwiJet, Nicholas Steele, Advantage Aviation, STAJets, and CAPITAL ONE may be collectively referred to as the "Defendants."

7. Rivo alleges on information and belief that there exists, and at all relevant times there existed, a unity of interest in ownership between Defendants KiwiJet and Nicolas Steele, such that any individuality and separateness between them has ceased, and that they are the alter egos of each other, and that KiwiJet is a mere shell and sham conceived, intended, and used as a device by Nicolas Steele to avoid individual liability.

8. Rivo alleges on information and belief that KiwiJet is and was under-capitalized at its inception; that commingling and manipulation of assets has occurred between KiwiJet and Nicolas Steele; that KiwiJet disregarded legal formalities, and that Nicolas Steele failed to maintain an arms-length relationship with KiwiJet. For these reasons, adherence to the fiction of the separate existence of KiwiJet and Nicolas Steele as distinct from each other would

promote an injustice

9. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of those Defendants sued as Does 2 through 25, inclusive, which Plaintiff therefore sues by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is in some way responsible and/or liable to Plaintiff as herein alleged and caused the damage to Plaintiff as herein alleged. Plaintiff will amend this Complaint to allege the true names and capacities and the responsibility and/or liability of such fictitiously named Defendants when same are ascertained.

10. Plaintiff is informed and believes that each of the Defendants acted as the employee, authorized agent, or as the alter ego of each of the other Defendants and acted in the course and scope of such employment, agency, conspiracy and/or representative capacity with the knowledge, ratification, and consent of the other Defendants, and acted in concert with them.

## VENUE

11. Venue is proper in the San Diego County Superior Court as the acts and transactions giving rise to the violations of laws and duties complained of herein and Plaintiff's resulting damages occurred in the County of San Diego.

## GENERAL ALLEGATIONS

12. On or around September 27, 2019, Rivo chartered a private flight through KiwiJet from San Diego to Mexico City for fourteen passengers, departing on November 15, 2019 and returning to San Diego on November 19, 2019 for a total cost of $54,500.00 (the "Authorized Flight").

13. On that same date, Rivo authorized KiwiJet to charge Rivo's Capital One credit card in the amount of $54,500.00 for the Authorized Flight only.

14. On or around November 14, 2019, KiwiJet cancelled the Authorized Flight for technical issues. However, KiwiJet chartered another flight for Rivo to and from Mexico City and charged Rivo's American Express credit card for that flight.

15. Rivo later discovered that KiwiJet instructed Advantage Aviation to charter a private flight from Van Nuys, California to Teterboro, New Jersey for nine passengers unrelated to Rivo (to

be added to this Complaint) in the amount of $35,235.90. KiwiJet, by and through Defendant Nicolas Steele, instructed or authorized Advantage Aviation to charge Rivo's Capital One credit card for that flight. Similarly, KiwiJet also instructed STAJets to book a return flight for passengers unrelated to Rivo from Teterboro, New Jersey to Van Nuys, California in the amount of $35,707.50 using Rivo's Capital One credit card (collectively, the "Unauthorized Flights").

16. Rivo did not sign any agreement with the Defendants regarding the Unauthorized Flights and did not authorized the Defendants to charge Rivo's Capital One credit card for the Unauthorized Flights

17. Based on information and belief, Defendant Nicolas Steele, through KiwiJet, personally participated in, authorized, and directed Advantage Aviation and STAJets to charge Rivo for the Unauthorized Flights.

18. Based on information and belief, Defendant Nicolas Steele, Chief Executive Officer of KiwiJet, signed any credit card authorization for the Unauthorized Flights on behalf of Rivo without Rivo's authorization.

19. Rivo timely reported the erroneous charges for the Unauthorized Flights to Capital One.

20. On December 11, 2019, Nicolas Steele, on behalf of KiwiJet, admitted in an email to Rivo that KiwiJet owes Rivo a refund of $70,943.40 for the Unauthorized Flights. On that same date, Nicolas Steele informed Rivo that KiwiJet does not have the funds to issue a refund but would credit Rivo $80,000.00 in flight credits KiwiJet has since failed to refund Rivo for the Unauthorized Flights and has failed to issue Rivo the $80,000.00 in flight credits.

21. Based on information and belief, Defendant KiwiJet has engaged in similar fraudulent and tortious acts with other consumers On or around December 19, 2019, All In Jets, LLC filed a complaint against KiwiJet for cancelling a flight and failing to issue a refund in October of 2019 – around the same time KiwiJet directed Advantage Aviation and STAJets to charge Rivo for the Unauthorized Flights (Case No. CACE-19-026077, filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida). Consumers have also levied similar complaints against KiwiJet with the Better Business Bureau.

22. On April 24, 2020, Capital One informed Rivo that Capital One would not remove the $25,235.90 unauthorized charge from Advantage Aviation.

23. On July 2, 2020, Capital One informed Rivo that Capital One would not remove the $35,707.50 unauthorized charge from STAJets.

24. Based on information and belief, Capital One did not adequately investigate Rivo's claims and request for reimbursement for the Unauthorized Flights in good faith.

25. Despite demand, the Defendants have refused, and continue to refuse, to refund Rivo for the Unauthorized flights, in the amount of $70,943.40.

## FIRST CAUSE OF ACTION
## (CONVERSION)
**Against Defendants KiwiJet, Nicholas Steele, Advantage Aviation, and STAJets**

26. Plaintiff incorporates by reference all allegations of paragraphs 1 through 25 as if set forth in full.

27. Rivo owned and possessed its funds, Capital One credit card, and Capital One credit card information.

28. Defendant KiwiJet and Nicolas Steele substantially interfered with Rivo's funds, Capital One credit card, and Capital One credit card information when KiwiJet and Nicolas Steele directed Advantage Aviation and STAJets to charge Rivo's Capital One credit card for the Unauthorized Flights.

29. Defendants Advantage Aviation and STAJets substantially interfered with Rivo's funds, Capital One credit card, and Capital One credit card information when Advantage Aviation and STAJets charged Rivo's Capital One credit card for the Unauthorized Flights.

30. In doing so, the Defendants also prevented Rivo from accessing $70,943.40 in available credit on Rivo's Capital One credit card.

31. Rivo did not consent to the use of Rivo's funds, Capital One credit card, or Capital One credit card information for the Unauthorized Flights.

32. Based on information and belief, Defendants KiwiJet and Nicolas Steele knowingly conspired to defraud Rivo by deliberately converting Rivo's funds and credit card information, as

described above.

33. Based on information and belief, Defendants KiwiJet and Nicolas Steele both gave substantial assistance and encouragement to each other in making converting Rivo's funds and credit card information, as described above.

34. As a direct and proximate cause of the Defendants' conversion, as described above, Rivo has been harmed in an amount to be proven at trial

35. In engaging in the acts set forth above, Defendants KiwiJet and Nicolas Steele were motivated by and acted with oppression, fraud, and malice, as defined in Civil Code Section 3294. Defendants KiwiJet and Nicolas Steele also acted with full knowledge of the consequences and damages that would foreseeably be caused by their actions, as described above, and intended for those damages to occur. Rivo thus seeks punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (FRAUDULENT/INTENTIONAL MISREPRESENTATION)
### Against Defendants KiwiJet and Nicolas Steele

36. Plaintiff incorporates by reference all allegations of paragraphs 1 through 35 as if set forth in full.

37 On or around September 27, 2019, Rivo accepted a quote and offer from KiwiJet for the Authorized Flight in the amount of $54,500.00

38 KiwiJet requested that Rivo provide Rivo's credit card information for the Authorized Flight on the same document bearing KiwiJet's quote and offer for the Authorized Flight. As such, KiwiJet implied that KiwiJet would keep Rivo's credit card information secure and would not use Rivo's credit card information for any purpose other than for the quoted Authorized Flight

39 Rivo did not authorize KiwiJet to use the credit card information that Rivo provided for any purpose other than for the Authorized Flight.

40. Rivo justifiable relied on KiwiJet implied representation when Rivo provided its credit card information to KiwiJet for the Authorized Flight.

41. KiwiJet, by and through Nicolas Steele, instructed or authorized Advantage Aviation and STAJets to use Rivo's Capital One credit card to charge Rivo for the Unauthorized Flights

42. Based on information and belief, KiwiJet, by and through Nicolas Steele, intentionally forged Rivo's Chief Financial Officer's signature on credit card authorization forms for the Unauthorized Flights, which KiwiJet and Nicolas submitted to Advantage Aviation and STAJets with the intent to defraud Rivo and with the intent to deceive Advantage Aviation and STAJets

43. Based on information and belief, KiwiJet and Nicolas Steele also intentionally misrepresented Rivo's authorization regarding the use of Rivo's credit card for the Unauthorized Flights to Advantage Aviation and STAJets with the intent to defraud Rivo and with the intent to deceive Advantage Aviation and STAJets.

44. Based on information and belief, Defendants KiwiJet and Nicolas Steele knowingly conspired to defraud Rivo by deliberately planning to, and agreeing to, make the fraudulent misrepresentations described above

45. As a direct and proximate cause of the Defendants KiwiJet and Nicolas Steele's fraudulent misrepresentations, as described above, Rivo has been harmed in an amount to be proven at trial.

46. Based on information and belief, Defendants KiwiJet and Nicolas Steele knowingly conspired to defraud Rivo by deliberately planning to, and agreeing to, make the fraudulent misrepresentations described above

47. Based on information and belief, Defendants KiwiJet and Nicolas Steele both gave substantial assistance and encouragement to each other in making the fraudulent misrepresentations described above

48. In engaging in the acts set forth above, Defendants KiwiJet and Nicolas Steele were motivated by and acted with oppression, fraud, and malice, as defined in Civil Code Section 3294. Defendants KiwiJet and Nicolas Steele also acted with full knowledge of the consequences and damages that would foreseeably be caused by their actions, as described above, and intended for those damages to occur. Rivo thus seeks punitive damages in an amount to be

determined at trial.

## THIRD CAUSE OF ACTION

### (FRAUDULENT CONCEALMENT)

### Against Defendants KiwiJet and Nicolas Steele

49. Plaintiff incorporates by reference all allegations of paragraphs 1 through 48 as if set forth in full.

50. Defendants KiwiJet and Nicolas instructed or authorized Advantage Aviation and STAJets to charge Rivo's Capital One credit card for the Unauthorized Flights in the total amount of $70,943.40 without Rivo's consent or authorization.

51. Defendants KiwiJet and Nicolas Steele had a duty to timely disclose the charges for the Unauthorized Flights to Rivo. Instead, Defendants KiwiJet and Nicolas Steele wrongfully remained silent until Rivo discovered the charges and confronted Defendants KiwiJet and Nicolas Steele.

52. Based on information and belief, Defendants KiwiJet and Nicolas Steele intentionally concealed the charges on Rivo's Capital One credit card for the Unauthorized Flights because Defendants KiwiJet and Nicolas Steele instructed or authorized those charges while aware that the flight was unauthorized and for passengers unrelated to Rivo. Despite this knowledge, Defendants KiwiJet and Nicolas Steele concealed the credit card charges for the Unauthorized Flights until Rivo confronted KiwiJet and Nicolas Steele.

53. Based on information and belief, Defendants KiwiJet and Nicolas Steele knowingly conspired to defraud Rivo by deliberately planning to, and agreeing to, concealing the credit card charges for the Unauthorized Flights.

54. Based on information and belief, Defendants KiwiJet and Nicolas Steele both gave substantial assistance and encouragement to each other in concealing the credit card charges for the Unauthorized Flights.

55. As a direct and proximate cause of the Defendants KiwiJet and Nicolas Steele's fraudulent concealment, as described above, Rivo has been harmed in an amount to be proven at trial.

56. In engaging in the acts set forth above, Defendants KiwiJet and Nicolas Steele were motivated

- 8 -

HALIMI LAW FIRM
ATTORNEY AT LAW
SAN DIEGO

by and acted with oppression, fraud, and malice, as defined in Civil Code Section 3294. Defendants KiwiJet and Nicolas Steele also acted with full knowledge of the consequences and damages that would foreseeably be caused by their actions, as described above, and intended for those damages to occur. Rivo thus seeks punitive damages in an amount to be determined at trial

## FOURTH CAUSE OF ACTION

### (RESCISSION)

**Against Defendants Advantage Aviation and STAJets**

57. Plaintiff incorporates by reference all allegations of paragraphs 1 through 56 as if set forth in full.

58. Defendant Advantage Aviation charged Rivo $35,235.90 without Rivo's authorization and without any benefit to Rivo.

59. Defendant STAJets charged Rivo $35,707.50 without Rivo's authorization and without any benefit to Rivo.

60. Rivo did not consent to the use of Rivo's funds, Capital One credit card, or Capital One credit card information for the Unauthorized Flights.

61. Based on information and belief, KiwiJet, by and through Nicolas Steele, intentionally forged Rivo's Chief Financial Officer's signature on any credit card authorization form for the Unauthorized Flights. As such, any agreements or credit card authorization forms concerning the Unauthorized flights are subject to rescission.

62. Rivo seeks a judicial determination that any agreements or credit card authorization forms concerning the Unauthorized Flights are rescinded

## FIFTH CAUSE OF ACTION

### (RESTITUTION)

**Against Defendants Advantage Aviation and STAJets**

63. Plaintiff incorporates by reference all allegations of paragraphs 1 through 58 as if set forth in full.

64. Defendant Advantage Aviation charged Rivo $35,235.90 without Rivo's authorization and

without any benefit to Rivo

65. Defendant STAJets charged Rivo $35,707.50 without Rivo's authorization and without any benefit to Rivo.

66. Defendants Advantage Aviation and STAJets have been unjustly conferred a benefit, at Rivo's expense detriment, through mistake or fraud.

67. It would be unjust for Advantage Aviation and STAJets to retain Rivo's funds as Advantage Aviation and STAJets did nothing to benefit Rivo. Therefore, to avoid an unjust enrichment to Advantage Aviation and STAJets, Advantage Aviation and STAJets must return funds mistakenly or fraudulently charged to Rivo.

68. As a direct and proximate cause of Advantage Aviation and STA Jet's unjust enrichment, Rivo has been harmed in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
## (BREACH OF CONTRACT)
### Against Defendant Capital One

69. Plaintiff incorporates by reference all allegations of paragraphs 1 through 68 as if set forth in full.

70. Plaintiff and Capital One entered into a written and implied contractual credit card agreement in which Plaintiff agreed to pay for authorized charges made on Plaintiff's Capital One credit card (the "Agreement") Capital One agreed to not charge for, remove, and sufficiently investigate erroneous charges made on Plaintiff's Capital One Credit Card.

71. Plaintiff substantially performed all of Plaintiff's obligations under the Agreement, except for any obligations legally excused.

72. Capital One breached the Agreement when Capital One refused to reimburse Plaintiff for the erroneous charges made for the Unauthorized Flights on Plaintiff's Capital One credit card. Capital One also breached the Agreement by failing to sufficiently investigation Plaintiff's claims.

73. As a direct and proximate cause of Capital One's breach of the Agreement, Plaintiff was harmed and suffered damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

### Against Defendant Capital One

74. Plaintiff incorporates by reference all allegations of paragraphs 1 through 74 as if set forth in full.

75. The Agreement carried an implied promise of good faith and fair dealing, ensuring that each party to the Agreement will not do anything to unfairly interfere with the right of any arty to receive the benefits of the Agreement.

76. In failing to sufficiently investigate Plaintiff's claims as to the charges for the Unauthorized Flights, and in failing to reimburse Plaintiff for the Unauthorized Flights, Capital One prevented the Plaintiff from receiving the benefits under the Agreement – including protection against unauthorized or erroneous charges By doing so, Capital One did not act fairly or in good faith.

77. As a direct and proximate cause of Capital One's breach of the implied covenant of good faith and fair dealing, Plaintiff was harmed and suffered damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1747.50)

### Against Defendant Capital One

78. Plaintiff incorporates by reference all allegations of paragraphs 1 through 77 as if set forth in full.

79. Capital One is a "card issuer," as defined in Civ. Code, § 1747.02.

80 At all relevant times, Plaintiff was the holder of the Capital One credit card which Defendants used to charge for the Unauthorized Flights

81. Shortly after learning of the charges for the Unauthorized Flights, which constitute billing errors, Plaintiff contacted Capital and reported the billing error/unauthorized charges.

82. Plaintiff provided Capital One with evidence that the charges for the Unauthorized Flights were not authorized – including Defendant Nicholas Steele's own admission.

83. Capital One willfully failed to correct the error within the time allowed by law and in violation of California Civil Code Section 1747.50. On April 24, 2020, Capital One informed Rivo that Capital One would not remove the $25,235.90 unauthorized charge from Advantage Aviation. On July 2, 2020, Capital One informed Rivo that Capital One would not remove the $35,707.50 unauthorized charge from STAJets

84. Based on information and belief, Capital One failed to sufficiently investigation Plaintiff's claim.

85. As a direct and proximate cause of Capital One's violation of California Civil Code Section 1747.50, Plaintiff was harmed and suffered damages in an amount to be proven at trial

86. Plaintiff requests actual damages, treble damages, and attorney's fees and costs, as authorized under California Civil Code Section 1747.50.

## NINTH CAUSE OF ACTION

### (RECOVERY UNDER 15 U.S.C., § 1640, ET SEQ.)

### Against Defendant Capital One

87. Plaintiff incorporates by reference all allegations of paragraphs 1 through 77 as if set forth in full.

88. Plaintiff brings this cause of action pursuant to 15 U.S.C., § 1640, et seq.

89. Pursuant to 15 U.S.C. 1643, a cardholder incurs no liability from the unauthorized use of a credit card in excess of $50.00

90. Despite timely notice to Capital One of the unauthorized charges for the Unauthorized flights,

91. One willfully failed to correct the error within the time allowed by law. On April 24, 2020, Capital One informed Rivo that Capital One would not remove the $25,235.90 unauthorized charge from Advantage Aviation. On July 2, 2020, Capital One informed Rivo that Capital One would not remove the $35,707.50 unauthorized charge from STAJets

92. As a direct and proximate cause of Capital One's violation of 15 U.S.C. 1643, Plaintiff was harmed and suffered damages in an amount to be proven at trial

93. Plaintiff requests actual damages, statutory damages, and attorney's fees and costs, as authorized under 15 U.S.C. 1643

## PRAYER FOR RELIEF

Plaintiff RIVO HOLDINGS LLC prays for relief and judgment against all Defendants as follows:

1. For actual and compensatory damages against all Defendants;
2. For punitive damages against KiwiJet and Nicolas Steele;
3. For restitution;
4. Rescission of any agreements or credit card authorization forms concerning the Unauthorized Flights;
5. For treble and statuary damages against Capital One;
6. For attorney's fees and costs against Capital One;
7. For cost of suit against all Defendants;
8. For pre-judgment and post-judgment interest at the maximum legal rate against all Defendants;
9. For such other and further relief as the court may deem proper.

DATED: March 31, 2021                     **HALIMI LAW FIRM**

By. _____
Daniel I. Halimi
Attorney for Plaintiff RIVO HOLDINGS LLC

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RIVO HOLDINGS LLC, a Delaware limited liability company

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**11/12/2020** at 12 00 00 AM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is
*(El nombre y dirección de la corte es)* San Diego Central Courthouse
330 West Broadway
San Diego, CA 92101

**CASE NUMBER**
37-2020-00041171-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Daniel I. Halimi, 1455 Frazee Rd., Suite 500, San Diego, CA 92108; (619) 800-2670

DATE  11/12/2020                  Clerk, by   *R. Day*     , Deputy
*(Fecha)*                         *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*
3. ☐ on behalf of *(specify)*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE | CASE NUMBER |
|---|---|
| RIVO HOLDINGS LLC v. KIWIJET, LLC, et al | |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KIWIJET, LLC, a Delaware limited liability company; NICOLAS STEELE, an individual; ADVANTAGE AVIATION CHARTER, LLC, a California limited liability company; STA JETS, business form unknown; and DOES 1 through 25, inclusive

Page 1 of 1

Page 1 of 1